## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| NEOMEDIA TECHNOLOGIES, INC., | |
| Plaintiff, | |
| | Civil Case No. |
| v. | |
| | Judge |
| SPYDERLYNK, LLC. | |
| | **Jury Trial Demanded** |
| Defendant. | |

## COMPLAINT

Plaintiff NeoMedia Technologies, Inc. for its Complaint for patent infringement against Defendant SpyderLynk, LLC, alleges as follows:

## THE PARTIES

1. Plaintiff NeoMedia Technologies, Inc. ("NeoMedia") is a Delaware corporation with its principal place of business at 100 West Arapahoe Avenue, Suite 9, Boulder, Colorado 80302.

2. NeoMedia is the owner of record and assignee of US Patent No. 6,199,048 ("the '048 Patent") and US Patent No. 8,131,597 ("the '597 Patent") (collectively, "the Asserted Patents"). NeoMedia has the exclusive right to enforce and collect damages for infringement of the Asserted Patents during all relevant time periods.

3. On information and belief, Defendant SpyderLynk, LLC ("SpyderLynk") is a limited liability company organized and existing under the laws of the State of Colorado, having a principal place of business at 1415 Larimer Street, Suite 200, Denver, Colorado 80202.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and more particularly 35 U.S.C. § 271.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Personal jurisdiction over the defendant is proper under C.R.S. §§13-1-124 and the United States Constitution because defendant is transacting business in this jurisdiction. Defendant has further submitted to the jurisdiction of the Courts of the State of Colorado by virtue of its organization as a limited liability company under the laws of Colorado.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

## BACKGROUND

### NeoMedia

8. NeoMedia is a pioneer in 2-dimensional ("2D") barcode technology and infrastructure solutions. NeoMedia's proprietary platform technology enables consumers easy and quick access to information by scanning mobile barcodes with camera phones.

9. NeoMedia provides a barcode scanner application, the NeoReader, which allows users to scan multiple types of 1-Dimensional ("1D"), such as Uniform Product Codes ("UPC") and 2D barcodes, such as Quick-Response Codes ("QR Codes").

## The Asserted Patents

10. On March 6, 2001, the '048 Patent, entitled "System and Method for Automatic Access of a Remote Computer Over a Network" was duly and legally issued by the United States Patent and Trademark Office ("the USPTO").

11. The claims of the '048 Patent were subjected to two ex parte reexaminations before the USPTO. The first reexamination was instituted on July 26, 2007 ("the 2007 Reexamination"), and resolved on June 9, 2009, when the USPTO issued an Ex Parte Reexamination Certificate (6867th). The second reexamination was instituted on September 20, 2010 ("the 2010 Reexamination"), and resolved on September 6, 2011, when the USPTO issued an Ex Parte Reexamination Certificate (8519th). A true and correct copy of the '048 Patent, and its two Ex Parte Reexamination Certificates is attached as Exhibit A.

12. On March 6, 2012, the '597 Patent, entitled "System and Method for Using an Ordinary Article of Commerce to Access a Remote Computer" was duly and legally issued by the USPTO. A true and correct copy of the '597 Patent is attached as Exhibit B.

13. The '048 patent has been asserted in several previous patent infringement lawsuits, each of which was resolved by default judgment in favor of NeoMedia or by the defendants agreeing to enter license agreements with NeoMedia. These previous actions include: NeoMedia Technologies, Inc. v. Virgin, Inc. et al, Case No. 04 CV 00021, (N.D. Ill.); NeoMedia Technologies, Inc. v. LScan, Inc., Case No. 04 CV 2307 (E.D. Pa.); NeoMedia Technologies, Inc. v. AirClic, Inc., Case No. 04 CV 1692 (E.D. Pa.), and NeoMedia Technologies, Inc. v. ScanBuy, Inc., Case No. 04 CV 03026 (S.D.N.Y.).

14. In addition to the licenses discussed above, NeoMedia has licensed its technology, including the '048 and '597 patents, to other companies including Mobile Tag, Inc., NeuStar Inc. and eBay, Inc.

### The Defendant SpyderLynk

15. Defendant SpyderLynk describes itself as a "mobile activation and marketing platform company." SpyderLynk's "SnapTag" technology, according to Defendant's marketing materials, is a "2D Mobile Barcode solution that enable marketers to use meaningful logos and icons as interactive marketing tools."

16. On information and belief, Defendant SpyderLynk provides its barcode marketing products and services, including its SnapTag 2D Mobile Barcode for brands such as Coke, Revlon, L'Oreal, MillerCoors, Warner Brothers, Toyota, and Bud Light.

### SpyderLynk's Awareness of the Asserted Patents

17. SpyderLynk has been expressly aware of at least the '048 Patent no later than September 21, 2011, when NeoMedia, through its counsel, notified SpyderLynk of the '048 Patent and US Patent No. 5,978,773 (the parent patent to the Asserted Patents) and offered SpyderLynk the opportunity to license the patents.

18. Additional correspondence and communications have taken place among the parties, but SpyderLynk has not agreed to take a license nor has it demonstrated why it believes a license is not necessary.

### FACTS REGARDING SPYDERLYNK'S INFRINGEMENT

19. SpyderLynk maintains systems and uses methods for enabling users to connect directly with a webserver having a specific address on the Internet by scanning machine-readable codes.

20. SpyderLynk's SnapTags are an example of machine-readable codes that enable users to connect with webservers having particular Internet addresses linked with specific codes.

21. SpyderLynk provides a barcode reader application, the SnapTag Reader, for free in the iPhone App Store and Android Market.

22. Defendant SpyderLynk provides instructions on how to use a SnapTag mobile barcode and explicitly directs users to do so by providing SnapTags on its website:

> Snap and send any single SnapTag above to 95871 or the email address listed under the tag. You can also scan them with the SnapTag Reader to see how SnapTags work. Find our app in the iPhone and Android App stores or get it by texting APP to 95871.

23. Users can either use the free SnapTag reader to scan a SnapTag automatically or use their camera phone to "snap" a picture of the code and text it to a specific number or email address indicated on the SnapTag.

24. SpyderLynk owns, maintains and makes available to users its SpyderLynk Platform, which contains a "Conversation Engine" computer that identifies and serves the correct campaign content based upon the decoded SnapTag.

25. SpyderLynk's Conversation Engine identifies and presents "feature [web] links allowing consumers with web browsing capabilities to extend their brand experience" in response to decoded SnapTags.

26. SpyderLynk's Conversation Engine identifies and presents multimedia responses such as short videos, photos or audio files in response to decoded SnapTags.

27. SpyderLynk's Platform allows specific SnapTag responses to be created and managed for specific SnapTags.

**ALLEGATIONS RELATING TO WILLFUL INFRINGEMENT**

28. Defendant SpyderLynk has been aware of the '048 Patent and the specification of the '597 Patent since at least as early as September 21, 2011 when NeoMedia sent SpyderLynk a letter offering to license NeoMedia's patent portfolio.

29. Throughout discussions, SpyderLynk never asserted that any claim of the '048 Patent or any claim of any patent in the patent family that includes the '048 Patent was invalid for any reason.

30. Despite general knowledge of the contents of the '597 Patent and specific knowledge of the claims of the '048 Patent, SpyderLynk was objectively reckless in continuing to engage in actions that directly infringe the Asserted Patents. SpyderLynk knew or should have known that there was an objectively high likelihood that its actions constituted infringement of a valid patent.

**COUNT I: INFRINGEMENT OF THE '048 PATENT**

31. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 30 of this Complaint as though set forth fully herein.

32. SpyderLynk infringes, and has infringed, at least one or more of the following claims of the '048 Patent: 71, 90, 92, 93, and 94.

33. SpyderLynk has directly infringed and continues to infringe the '048 patent by using its SpyderLynk Platform, which meets every element of at least one asserted claim of the '048 Patent in violation of 35 U.S.C. §271(a).

34. SpyderLynk is inducing and continues to induce others to infringe the claims of the '048 Patent in violation of 35 U.S.C. §271(b).

35. SpyderLynk, through previous correspondence from NeoMedia, and based upon this Complaint, is aware of the patents and what acts constitute infringing conduct.

36. With this knowledge, SpyderLynk has intentionally, or with deliberate indifference, taken active steps to encourage and facilitate others' direct infringement of the '048 Patent with knowledge of that infringement, such as by advertising and distributing the SpyderLynk SnapTag Reader and SnapTags, as well as marketing materials, including instructions on how to use the SnapTags, which SpyderLynk is aware will prompt others to directly infringe.

37. These active steps prompt others to use SpyderLynk's SnapTag Platform that employs and/or embodies the asserted claims of the '048 Patent by meeting each and every element of one or more of the asserted claims.

38. On information and belief, SpyderLynk's conduct is willful and deliberate.

39. As a direct and proximate result of SpyderLynk's acts of patent infringement, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

40. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of SpyderLynk's acts of patent infringement.

### COUNT II:  INFRINGEMENT OF THE '597 PATENT

41. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 40 of this Complaint as though set forth fully herein.

42. SpyderLynk infringes, and has infringed, at least one or more of the following claims of the '597 Patent: 22, 23, 27 and 28.

43. SpyderLynk has directly infringed and continues to infringe the '597 patent by making, using and offering for sale, its SpyderLynk Platform, which meets every element of at least one asserted claim of the '597 Patent in violation of 35 U.S.C. §271(a).

44. On information and belief, SpyderLynk's conduct is willful and deliberate.

45. As a direct and proximate result of SpyderLynk's acts of patent infringement, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

46. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of SpyderLynk's acts of patent infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, NeoMedia requests that this Court enter judgment:

1. Adjudging, finding and declaring that SpyderLynk has infringed and induced infringement of the asserted claims of the Asserted Patents under 35 U.S.C. §271;

2. Adjudging, finding and declaring that SpyderLynk's infringement is willful and deliberate;

3. Enjoining SpyderLynk from infringing and inducing infringement of the Asserted Patents, or, in the alternative, to impose a compulsory license on SpyderLynk for use of NeoMedia's patented technology;

4. Ordering SpyderLynk to pay NeoMedia an amount that, as adequately as possible, compensates NeoMedia for SpyderLynk's infringement, in no event less than a reasonable royalty;

5. Ordering SpyderLynk to pay court costs, pre-judgment interest, post-judgment interest, and attorneys' fees under 35 U.S.C. §§284 and 285;

6.  Finding that this is an "exceptional" case pursuant to 35 U.S.C. §285, and awarding enhanced damages up to and including treble the amount of damages and the payment of attorneys' fees; and

7.  Granting NeoMedia such other and further relief as is just and proper, or as the Court deems appropriate.

## JURY DEMAND

NeoMedia demands a trial by jury on all issues that may be so tried.

Dated: April 9, 2012

Respectfully submitted,

/s/ Cindy S. Ahn
Cindy S. Ahn
Global IP Law Group
123 N. Wacker Drive, Suite 2350
Chicago, IL 60606
Telephone: (312) 241-1508
Facsimile: (312) 241-1528
Email: cahn@giplg.com

David Berten
(application for admission forthcoming)
Global IP Law Group
123 N. Wacker Drive, Suite 2350
Chicago, IL 60606
Telephone: (312) 241-1502
Facsimile: (312) 241-1522
Email: dberten@giplg.com

Attorneys for Plaintiff NeoMedia Technologies, Inc.