IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00939-MSK-BNB

NEOMEDIA TECHNOLOGIES, INC.,
A Delaware corporation,

                                      Plaintiff,

v.

SPYDERLYNK, LLC,
A Colorado limited liability company

                                      Defendant.

## ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

        1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

        2. This Order may be modified in the Court's discretion or by agreement of the parties. ~~The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute~~.

        3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4.  A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5.  Absent a showing of good cause, General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production, if such fields exist.

6.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7.  Email production requests shall be phased to occur after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians in view of the pleaded claims and defenses, infringement contentions and invalidity contentions and the preliminary information relevant to damages.

8.  Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

9.  Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant

to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

  10. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

  11. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

  12. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a

privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

13.  The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

Dated July 19, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge